*TUSCARAWAS COUNTY—DECEMBER TERM, 1817.*

PRESENT—TAPPAN, *President;* DEARDORFF AND LAFFER, *Associates.*

## NEELY vs. HARRIS.

The statute law does not require that a notice of the taking of depositions should state the name of the magistrate before whom they are to be taken, or the names of the witnesses.

CASE, for breach of promise of marriage.

On the trial, the defendant offered to read in evidence sundry depositions. to which WRIGHT, for the defendant, objected:

1st. Because legal notice had not been given.

2d. Because the matter of the depositions were inadmissible as evidence to the jury.

CULBERTSON, for the defendant, produced the notice which was admitted to have been given; it was as follows:

"Rachel Neely
vs. } In the common pleas of Tuscarawas county, Ohio,
Geo. Harris.

The plaintiff will take notice, that upon the 31st of this month, I will take the depositions of sundry witnesses, at the office of Adam Johnston, Esq., in Coshocton, to be read in evidence, on the trial of this cause.

GEO. HARRIS, Def't.

J. C. WRIGHT, Esq., attorney for plaintiff.
25th March, 1817."

PRESIDENT.—The objection to this notice is, that it does not state the names of the witnesses, or the name of the magistrate before whom the depositions were to be taken. The statute law requires notice of the *time* and *place* of taking depositions, to be given to the opposite party, but is silent as to any other matters. This notice, then, contains all which the law requires; and although it might be convenient for parties to be apprised of the name of the justice who was to take the depositions, and the witnesses who were to be sworn, and some rule as to the form of notice may be necessary; yet in the absence of any such rule to direct parties, we cannot say that the defendant has not given legal notice, when he has done all which the law requires.

As to the matter alledged to be irrelevant, that may be stricken out, and what remains may be read to the jury.

Verdict for plaintiff. Damages $50.